FILED
CLERK
2:13 pm, Mar 27, 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
CAMPO BROTHERS,
CAMPO BROTHERS DEVELOPMENT, INC., and
NEW YORK MARINE AND GENERAL INSURANCE
COMPANY,

                Plaintiffs,

      -against-

EXCELSIOR INSURANCE COMPANY,
DEBUT CONCRETE & GENERAL CONSTRUCTION, INC.,
HIGHLAND HOMES INC., and
JOSE ERNESTO HERNANDEZ,
               Defendants.
------------------------------------------------------------------------X

**ORDER**
16-cv-3658 (SJF)(SIL)

FEUERSTEIN, District Judge:

I.    Introduction

Pending before the Court is the Report and Recommendation of the Honorable Steven I. Locke, United States Magistrate Judge, dated February 23, 2018 ("the Report"[1])(*see* ECF No. 27), (1) recommending (a) that Defendant Excelsior's motion for summary judgment (*see* ECF No. 22) be granted, (b) that Plaintiffs' motion for summary judgment (*see* ECF No. 24) be denied, (c) that an order enter declaring Excelsior does not have a duty to defend or indemnify either of the Campo Entities in the Underlying Lawsuit, and (d) that Plaintiffs' Amended Complaint be dismissed; and (2) advising, *inter alia*, (a) that "[a]ny objections to th[e] Report . . . must be filed with the Clerk of the Court within fourteen (14) days of receipt[,]" (Report at 22), and (b) that a "[f]ailure to file objections within the specified time waives the right to appeal the District Court's Order." (*Id.*) (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72;

---

[1] Terms of art defined in the Report shall be used herein, familiarity with which is assumed.

*Ferrer v. Woliver*, No. 05-cv-366696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); and *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996)). A copy of the Report was served upon counsel for all parties via ECF on February 23, 2018.² (*See* ECF No. 27). No objections to the Report were filed, nor did any party seek an extension of time to do so. (*See* Case Docket, *in universum*.) For the reasons set forth below, Magistrate Judge Locke's Report is accepted in its entirety.

II.  Discussion

  *A. Standard of Review*

Any party may serve and file written objections to a report and recommendation of a magistrate judge on a dispositive matter within fourteen (14) days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Any portion of such a report and recommendation to which a timely objection has been made is reviewed *de novo*. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). However, the court is not required to review the factual findings or legal conclusions of the magistrate judge as to which no proper objections are interposed. *See Thomas v. Arn,* 474 U.S. 140, 150, 106 S. Ct. 466 (1985). Where a party "received clear notice of the consequences of the failure to object" to a report and recommendation on a dispositive matter, *Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992) (quotations and citation omitted); *accord Small v. Sec'y of Health and Human Svcs.*, 892 F.2d 15, 16 (2d Cir. 1989), his "failure to object timely to [that] report waives any further judicial

---

² The Parties were originally served the Report on February 14, 2018 (*see* "Notice of Electronic Filing" ("NEF") associated with ECF No. 27), but were re-served on February 23, 2018 (*see* re-generated NEF associated with ECF No. 27) because the Report was modified on that date "to correct footnote 2." (*See* docket text associated with ECF No. 27.) The Court is using the later, February 23rd, date as the trigger date of the Parties' 14-day objection period.

review of the report." *Frank*, 968 F.2d at 16; *see also Smith v. Campbell*, 782 F.3d 93, 102 (2d Cir. 2015); *Caidor v. Onondago Cty*, 517 F.3d 601, 604 (2d Cir. 2008).

Nonetheless, the waiver rule is "nonjurisdictional" and, thus, the Court may excuse a violation thereof "in the interests of justice." *King v. City of N.Y., Dep't of Corr.*, 419 F. App'x 25, 27 (2d Cir. Apr. 4, 2011) (summary order) (quoting *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)); *see also DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). "Such discretion is exercised based on, among other factors, whether the defaulted argument has substantial merit or, put otherwise, whether the magistrate judge committed plain error in ruling against the defaulting party." *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000); *accord King*, 419 F. App'x at 27.

### B. Review of Report

Since no party has filed any objections to Magistrate Judge Locke's Report, nor sought an extension of time to do so, they have "waive[d] any further judicial review of the findings contained in the [R]eport." *Spence*, 219 F.3d at 174. Moreover, as the Report is not plainly erroneous, the Court declines to exercise its discretion, in the interests of justice, to excuse the Parties' default in filing timely objections to the Report. Accordingly, the Report is accepted in its entirety.

III. Conclusion

For the reasons set forth herein, Magistrate Judge Locke's Report is accepted in its entirety and, for the reasons set forth therein: (1) Plaintiffs' Motion for Summary Judgment is denied; and (2) Excelsior's Motion for Summary Judgment is granted, with the Court (a) declaring that Excelsior does not have a duty to defend or indemnify either of the Campo Entities in the Underlying Lawsuit, and (b) directing that Plaintiffs' Amended Complaint be dismissed.

SO ORDERED this 27th day of March 2018 at Central Islip, New York.

/s/
SANDRA J. FEUERSTEIN
United States District Judge